APPEAL,CLOSED,TYPE–C

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:24–cv–01090–JEB</u>
*Internal Use Only*

| | |
|---|---|
| DIEGELMANN et al v. YELLIN et al | Date Filed: 04/16/2024 |
| Assigned to: Chief Judge James E. Boasberg | Date Terminated: 11/26/2024 |
| Cause: 05:0706 Judicial Review of Agency Actions | Jury Demand: None |
| | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**AXEL DIEGELMANN**                    represented by    **Farhad R. Alavi**
AKRIVIS LAW GROUP, PLLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
202–686–4859
Email: <u>falavi@akrivislaw.com</u>
*ATTORNEY TO BE NOTICED*

**Amir Toossi**
AKRIVIS LAW GROUP PLLC
747 Third Avenue
32nd Floor
New York, NY 10022
646–517–0687
Email: <u>atoossi@akrivislaw.com</u>
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**FRITZ DIEGELMANN**                    represented by    **Farhad R. Alavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amir Toossi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**RHEINGOLD EDELMETALL AG**          represented by    **Farhad R. Alavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amir Toossi**
(See above for address)
*ATTORNEY TO BE NOTICED*

1

**Plaintiff**

**RHEINGOLD EDELMETALL**
**GMBH**

represented by **Farhad R. Alavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amir Toossi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LIEMETA AG**

represented by **Farhad R. Alavi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amir Toossi**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JANET YELLIN**
*in her official capacity as Secretary of the*
*United States Department of the Treasury*

represented by **Stephen McCoy Elliott**
U.S. DEPARTMENT OF JUSTICE
1100 L Street, N.W.
Washington, DC 20530
(202) 353–0889
Fax: (202) 616–8470
Email: stephen.m.elliott@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRADLEY SMITH**
*in his official capacity as Director of the*
*United States Department of the Treasury*

represented by **Stephen McCoy Elliott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF TREASURY**

represented by **Stephen McCoy Elliott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. DEPARTMENT OF TREASURY,**
**OFFICE OF FOREIGN ASSETS**
**CONTROL**

represented by **Stephen McCoy Elliott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2024 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC−10832434) filed by RHEINGOLD EDELMETALL AG, FRITZ DIEGELMANN, AXEL DIEGELMANN, RHEINGOLD EDELMETALL GMBH, LIEMETA AG. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons)(Toossi, Amir) (Attachment 1 replaced on 4/17/2024) (znmw). (Entered: 04/16/2024) |
| 04/17/2024 | | NOTICE OF NEW CASE ERROR regarding 1 Complaint,. The following error(s) need correction: Incorrect civil cover sheet. Please file the Civil Cover Sheet (JS44) form at www.dcd.uscourts.gov/new−case−forms & file using the event Civil Cover Sheet. Invalid/No signature on both complaint and cover sheet. Please file the signed document using the event Errata. All filings must have an original signature or /s/ Attorney Name to represent an electronic signature of the filer. Form filed as fillable PDF. Please file form in a non−fillable PDF format. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) (Entered: 04/17/2024) |
| 04/17/2024 | 2 | CIVIL COVER SHEET *(corrected)* by RHEINGOLD EDELMETALL AG, FRITZ DIEGELMANN, AXEL DIEGELMANN, RHEINGOLD EDELMETALL AG, LIEMETA AG filed by RHEINGOLD EDELMETALL AG, FRITZ DIEGELMANN, AXEL DIEGELMANN, RHEINGOLD EDELMETALL GMBH, LIEMETA AG.(Toossi, Amir) (Entered: 04/17/2024) |
| 04/18/2024 | | NOTICE OF NEW CASE ERROR regarding 1 Complaint,. The following error(s) need correction: Invalid signature on complaint. Please file the signed document using the event Errata. All filings must have an original signature or /s/ Attorney Name to represent an electronic signature of the filer. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmw) (Entered: 04/18/2024) |
| 04/18/2024 | 3 | ERRATA re 1 COMPLAINT *(Corrected Signature)* against All Plaintiffs (Fee Status:Filing Fee Waived) filed by RHEINGOLD EDELMETALL AG, FRITZ DIEGELMANN, AXEL DIEGELMANN, RHEINGOLD EDELMETALL GMBH, LIEMETA AG.(Toossi, Amir) Modified event on 4/19/2024 (znmw). (Entered: 04/18/2024) |
| 04/19/2024 | | Case Assigned to Chief Judge James E. Boasberg. (znmw) (Entered: 04/19/2024) |
| 04/19/2024 | 4 | SUMMONS (6) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 04/19/2024) |
| 04/23/2024 | 5 | NOTICE of Appearance by Stephen McCoy Elliott on behalf of BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN (Elliott, Stephen) (Entered: 04/23/2024) |
| 06/17/2024 | 6 | Unopposed MOTION for Extension of Time to *Respond to the Complaint* by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN. (Attachments: # 1 Text of Proposed Order)(Elliott, Stephen) (Entered: 06/17/2024) |
| 06/18/2024 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: The Court ORDERS that: 1) Defendants' 6 Motion for Extension of Time is GRANTED; and 2) Defendants shall file their Answer or otherwise respond to the Complaint by July 18, 2024. So ORDERED by Chief Judge James E. Boasberg on 6/18/2024. (lcjeb2) (Entered: 06/18/2024) |
| 06/18/2024 | | Set/Reset Deadlines: Answer due by 7/18/2024. (znbn) (Entered: 06/18/2024) |
| 07/18/2024 | 7 | ANSWER to Complaint by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN.(Elliott, Stephen) (Entered: 07/18/2024) |
| 07/18/2024 | | MINUTE ORDER: The Court ORDERS that the parties shall confer and submit a joint proposed briefing schedule by August 1, 2024. So ORDERED by Chief Judge James E. Boasberg on 7/18/2024. (lcjeb2) (Entered: 07/18/2024) |
| 07/18/2024 | | Set/Reset Deadlines: Joint Proposed Briefing Schedule due by 8/1/2024. (znbn) (Entered: 07/19/2024) |
| 08/01/2024 | 8 | NOTICE *Regarding Joint Proposed Briefing Schedule* by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN (Attachments: # 1 Text of Proposed Order)(Elliott, Stephen) (Entered: 08/01/2024) |
| 08/02/2024 | | MINUTE ORDER: The Court ADOPTS the parties' 8 Joint Proposed Briefing Schedule and ORDERS that: 1) Defendants shall transmit to Plaintiffs the unclassified version of the administrative record by August 5, 2024; 2) Defendants shall file the Certified List of the Contents of the Administrative Record by August 19, 2024; 3) Plaintiffs shall file their Motion for Summary Judgment by August 22, 2024; 4) Defendants shall file their Cross–Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment by September 12, 2024; 5) Plaintiffs shall file their Reply and Opposition to Defendants' Cross–Motion for Summary Judgment by September 19, 2024; 6) Defendants shall file their Reply by October 3, 2024; and 7) Plaintiffs shall file the parties' Joint Appendix by October 10, 2024. So ORDERED by Chief Judge James E. Boasberg on 8/2/2024. (lcjeb2) (Entered: 08/02/2024) |
| 08/02/2024 | | Set/Reset Deadlines: 1) Defendants shall transmit to Plaintiffs the unclassified version of the administrative record by August 5, 2024; 2) Defendants shall file the Certified List of the Contents of the Administrative Record by August 19, 2024; 3) Plaintiffs shall file their Motion for Summary Judgment by August 22, 2024; 4) Defendants shall file their Cross–Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment by September 12, 2024; 5) Plaintiffs shall file their Reply and Opposition to Defendants' Cross–Motion for Summary Judgment by September 19, 2024; 6) Defendants shall file their Reply by October 3, 2024; and 7) Plaintiffs shall file the parties' Joint Appendix by October 10, 2024.(znbn) (Entered: 08/02/2024) |
| 08/09/2024 | 9 | NOTICE of Appearance by Farhad R. Alavi on behalf of All Plaintiffs (Alavi, Farhad) (Entered: 08/09/2024) |
| 08/19/2024 | 10 | NOTICE *of Filing the Certified List of the Contents of the Administrative Record* by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN (Attachments: # 1 Certification of Administrative Record, # 2 Certified List of the Contents of the Administrative Record)(Elliott, Stephen) (Entered: 08/19/2024) |
| 08/22/2024 | 11 | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time to *file Plaintiffs' Motion for Summary Judgment (joint application)* by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Attachments: # 1 Text of Proposed Order)(Toossi, Amir) (Entered: 08/22/2024) |
| 08/23/2024 | | MINUTE ORDER: The Court ORDERS that: 1) The Joint 11 Motion for Extension of Time is GRANTED; and 2) The parties shall file a joint status report on or before August 26, 2024. So ORDERED by Chief Judge James E. Boasberg on August 23, 2024. (lcjeb3) (Entered: 08/23/2024) |
| 08/23/2024 | | Set/Reset Deadlines: Joint Status Report due by 8/26/2024.(znbn) (Entered: 08/23/2024) |
| 08/26/2024 | 12 | Joint STATUS REPORT by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN. (Elliott, Stephen) (Entered: 08/26/2024) |
| 08/27/2024 | | MINUTE ORDER: The Court ADOPTS the parties' 12 Joint Status Report and ORDERS that: 1) Plaintiffs shall file their Motion for Summary Judgement by August 27, 2024; and 2) the parties shall further adhere to the previously approved summary−judgment briefing schedule. So ORDERED by Chief Judge James E. Boasberg on 08/27/2024. (lcjeb2) (Entered: 08/27/2024) |
| 08/27/2024 | | Set/Reset Deadlines: Summary Judgment motions due by 8/27/2024. (znbn) (Entered: 08/27/2024) |
| 08/27/2024 | 13 | ENTERED IN ERROR..... MOTION for Summary Judgment by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Toossi, Amir) Modified on 8/28/2024; refiled as docket entry 14 (znmw). (Entered: 08/27/2024) |
| 08/27/2024 | 14 | STRICKEN PURSUANT TO THE MINUTE ORDER FILED ON 8/28/2024.....MOTION for Summary Judgment by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Attachments: # 1 Memorandum in Support (redacted), # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit C1, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Toossi, Amir) Modified on 8/28/2024 (znbn). (Entered: 08/27/2024) |
| 08/28/2024 | | MINUTE ORDER: The Court ORDERS that Plaintiffs' 14 Motion for Summary Judgment is STRICKEN as violating the Court's Local Rule regarding footnotes. They are both excessive and not in 12−point font. Plaintiffs shall file a brief with no more than 10 footnotes (comprising no more than 50 lines of text) by August 29, 2024. So ORDERED by Chief Judge James E. Boasberg on 08/28/2024. (lcjeb2) (Entered: 08/28/2024) |
| 08/28/2024 | | Set/Reset Deadlines: Brief due by 8/29/2024. (znbn) (Entered: 08/28/2024) |
| 08/28/2024 | 15 | MOTION for Summary Judgment *(corrected pursuant to 8/28/24 minute Order)* by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Attachments: # 1 Memorandum in Support (redacted), # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit C1, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Toossi, Amir) (Entered: 08/28/2024) |
| 09/04/2024 | 16 | SEALED DOCUMENT filed by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL |

| | | |
|---|---|---|
| | | GMBH re 15 MOTION for Summary Judgment *(corrected pursuant to 8/28/24 minute Order)* (This document is SEALED and only available to authorized persons.)(Toossi, Amir) (Entered: 09/04/2024) |
| 09/11/2024 | 17 | NOTICE by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH re 15 Motion for Summary Judgment, (Attachments: # 1 Memorandum in Support of Motion for Summary Judgment)(Toossi, Amir) (Entered: 09/11/2024) |
| 09/12/2024 | 18 | Memorandum in opposition to re 15 Motion for Summary Judgment, filed by U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN. (Elliott, Stephen) (Entered: 09/12/2024) |
| 09/12/2024 | 19 | MOTION to Dismiss *or, in the Alternative, Cross−Motion for Summary Judgment* by U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Elliott, Stephen). Added MOTION for Summary Judgment on 9/13/2024 (znmw). (Entered: 09/12/2024) |
| 09/19/2024 | 20 | REPLY to opposition to motion re 15 MOTION for Summary Judgment *(corrected pursuant to 8/28/24 minute Order) and Response to Defendants' Cross−Motion for Summary Judgment* filed by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Toossi, Amir) (Entered: 09/19/2024) |
| 09/19/2024 | 21 | Memorandum in opposition to re 19 Motion to Dismiss,, Motion for Summary Judgment, filed by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Toossi, Amir) (Entered: 09/19/2024) |
| 10/03/2024 | 22 | REPLY to opposition to motion re 19 Motion to Dismiss,, Motion for Summary Judgment, filed by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN. (Elliott, Stephen) (Entered: 10/03/2024) |
| 10/03/2024 | 23 | NOTICE *of Classified Lodging* by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN (Elliott, Stephen) (Entered: 10/03/2024) |
| 10/09/2024 | 24 | Unopposed MOTION for Leave to File *Sur−Reply on Defendants' Cross−Motion for Summary Judgment* by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Attachments: # 1 Text of Proposed Order)(Toossi, Amir) (Entered: 10/09/2024) |
| 10/10/2024 | | MINUTE ORDER: The Court ORDERS that Plaintiffs' 24 Motion to File Sur−Reply is GRANTED, and they shall file any such brief by October 15, 2024, which shall not exceed ten pages. So ORDERED by Chief Judge James E. Boasberg on October 10, 2024. (lcjeb2) (Entered: 10/10/2024) |
| 10/10/2024 | | Set/Reset Deadlines: Brief due by 10/15/2024. (znbn) (Entered: 10/10/2024) |
| 10/10/2024 | 25 | JOINT APPENDIX by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Attachments: # 1 Appendix)(Toossi, Amir) (Entered: 10/10/2024) |

| 10/15/2024 | 26 | SURREPLY to re 19 MOTION to Dismiss *or, in the Alternative, Cross−Motion for Summary Judgment* MOTION for Summary Judgment filed by AXEL DIEGELMANN, FRITZ DIEGELMANN, LIEMETA AG, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH. (Toossi, Amir) (Entered: 10/15/2024) |
|---|---|---|
| 10/21/2024 | 27 | NOTICE *Regarding Plaintiffs' Sur−Reply Memorandum* by BRADLEY SMITH, U.S. DEPARTMENT OF TREASURY, U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL, JANET YELLIN (Elliott, Stephen) (Entered: 10/21/2024) |
| 11/25/2024 | 28 | ORDER: For the reasons set forth in the accompanying Memorandum Opinion, the Court ORDERS that: 1) Defendants' 19 Motion to Dismiss or for Summary Judgment is GRANTED; 2) Plaintiffs' 15 Motion for Summary Judgment is DENIED; and 3) Judgment is ENTERED for Defendants. Signed by Chief Judge James E. Boasberg on November 25, 2024. (lcjeb3) (Entered: 11/25/2024) |
| 11/25/2024 | 29 | MEMORANDUM OPINION re 28 Order on 15 and 19 Motions. Signed by Chief Judge James E. Boasberg on November 25, 2024. (lcjeb3) (Entered: 11/25/2024) |
| 12/04/2024 | 30 | NOTICE OF APPEAL TO DC CIRCUIT COURT by AXEL DIEGELMANN, FRITZ DIEGELMANN, RHEINGOLD EDELMETALL AG, RHEINGOLD EDELMETALL GMBH, LIEMETA AG. Filing fee $ 605, receipt number ADCDC−11337649. Fee Status: Fee Paid. Parties have been notified. (Toossi, Amir) (Entered: 12/04/2024) |

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

```
-------------------------------------------------------- x
AXEL DIEGELMANN, et al.,                  :
                                          :    Case No. 24-CV-1090 (JEB)
                    Plaintiffs,           :
                                          :
        - against -                       :
                                          :
JANET YELLEN, et al.,                     :
                                          :
                    Defendants.           :
-------------------------------------------------------- x
```

**NOTICE OF APPEAL**

Notice is hereby given this 4th day of December, 2024, that Plaintiffs, Axel Diegelmann,

Fritz Diegelmann, Rheingold Edelmetall AG, Rheingold Edelmetall GmbH, and Liemeta AG

(collectively, "Plaintiffs") appeal to the United States Court of Appeals for the District of

Columbia from the Order granting Defendants' Cross-Motion to Dismiss or, in the Alternative,

for Summary Judgment and denying Plaintiffs' Motion for Summary Judgment entered on 25th

day of November, 2024, Dkt. No. 28, in favor of Defendants U.S. Secretary of the Treasury Janet

Yellen, in her official capacity; the United States Department of the Treasury; Bradley T. Smith,

in his official capacity as Director of the Office of Foreign Assets Control; and the United States

Department of the Treasury's Office of Foreign Assets Control.

Dated: December 4, 2024

                        Respectfully submitted,

                        By: /s/ Amir Toossi
                            Amir Toossi
                            Akrivis Law Group, PLLC
                            747 Third Avenue, 32nd Floor
                            New York, NY 10022
                            atoossi@akrivislaw.com
                            (347) 949-0548

/s/  Farhad Alavi
Farhad Alavi (DC Bar No. 500560)
Akrivis Law Group, PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, DC 20015
falavi@akrivislaw.com
(202) 686-4859

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **AXEL DIEGELMANN,** *et al.*, | |
| **Plaintiffs,** | |
| v. | Civil Action No. 24-1090 (JEB) |
| **JANET YELLEN,** *et al.*, | |
| **Defendants.** | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

     1.     Defendants' Motion to Dismiss or for Summary Judgment is GRANTED;

     2.     Plaintiffs' Motion for Summary Judgment is DENIED; and

     3.     Judgment is ENTERED for Defendants.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  November 25, 2024

1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**AXEL DIEGELMANN, *et al.*,**

      **Plaintiffs,**

        **v.**

**JANET YELLEN, *et al.*,**

      **Defendants.**

**Civil Action No. 24-1090 (JEB)**

---

## MEMORANDUM OPINION

The United States believes that Plaintiffs Axel and Fritz Diegelmann, as well as several corporate entities they own and control, have operated in the metals and mining sector of the Russian Federation. Pursuant to an executive order deeming such conduct sanctionable, Defendant Office of Foreign Assets Control thus placed them on its Special Designated Nationals and Blocked Persons List in 2024. Displeased with those designations, Plaintiffs initiated this suit against OFAC and its Director, Bradley T. Smith, as well as the Department of the Treasury and its Secretary, Janet Yellen. Plaintiffs contend that the Government acted unlawfully by designating them and that the designations were arbitrary and capricious under the Administrative Procedure Act. They have now filed a Motion for Summary Judgment. Defendants oppose that Motion and have added a Motion to Dismiss Plaintiffs' Complaint or, in the alternative, a Cross-Motion for Summary Judgment. Having conducted an *in camera* review of the classified administrative record, the Court concludes that OFAC's designations were both lawful and supported by substantial evidence. It thus will grant the Government's Cross-Motion and deny Plaintiffs'.

I.    **Background**

A.  <u>Statutory Scheme</u>

Since our nation's infancy, many of its leaders have viewed economic sanctions as "the most likely means of obtaining our objects without war."  James Madison, "Political Observations," National Archives (Apr. 20, 1795).  In 1977, amidst the Cold War, Congress passed the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701 *et seq.*, which grants the President broad discretion to impose economic sanctions on foreign entities and individuals in the event of an "unusual and extraordinary threat."  <u>See</u> <u>Fulmen Co. v. OFAC</u>, 547 F. Supp. 3d 13, 17 (D.D.C. 2020) (citing 50 U.S.C. § 1701).  The President may declare such a national emergency when that threat "originates in substantial part in a foreign state."  <u>Holy Land Found. for Relief & Dev. v. Ashcroft</u>, 333 F.3d 156, 159 (D.C. Cir. 2003).

In 2021, invoking IEEPA, President Biden issued Executive Order 14024, "declar[ing] a national emergency to deal with" the threat posed by "harmful foreign activities of the Government of the Russian Federation."  E.O. 14024, 86 Fed. Reg. 20,249, 20,249 (Apr. 19, 2021).  The Order authorizes the Secretary of the Treasury, in consultation with the Secretary of State, to formally designate persons determined "to operate or have operated in . . . any . . . sector of the Russian Federation economy" in order to "block[]" those persons' "property and interests in property" in the United States.  <u>See</u> <u>id.</u>, § 1(a)(i).

The Executive Order also authorizes the Secretary of the Treasury to "take such actions, including the promulgation of rules and regulations[,] . . . as may be necessary to carry out the purposes of [Executive Order 14024]."  <u>Id.</u> at 20,252, § 8.  The Secretary has delegated that implementation authority to OFAC.  <u>See</u> 31 C.F.R. § 587.802.  Using that authority, OFAC determined in February 2023 "that section 1(a)(i) of E.O. 14024 shall apply to the metals and

mining sector of the Russian Federation economy."  Off. of Foreign Assets Control,

Determination Pursuant to Section 1(a)(i) of Executive Order 14024 (Feb. 24, 2023),

https://perma.cc/F37A-QS5P.  As a result, "[a]ny person determined . . . to operate or have

operated in this sector shall be subject to sanctions pursuant to section (1)(a)(i)."  Id.

   When OFAC designates persons under executive orders like Executive Order 14024,

they are added to the Specially Designated Nationals and Blocked Persons List (SDN List), and

"all their assets in the United States or under the control of any person who is in the United

States are 'blocked,' or effectively frozen."  Zevallos v. Obama, 793 F.3d 106, 110 (D.C. Cir.

2015) (cleaned up).  A designee then may seek "administrative reconsideration" of his

designation and request to be removed.  See 31 C.F.R. § 501.807.  "A request for reconsideration

— also sometimes called a delisting request — may include arguments or evidence rebutting

Treasury's 'basis . . . for the designation.'"  Zevallos, 793 F.3d at 110 (quoting 31 C.F.R.

§ 501.807).  OFAC reviews these requests and then "provide[s] a written decision" to the

blocked person.  31 C.F.R. § 501.807(b)(3).  "A designated person can request delisting as many

times as he likes."  Zevallos, 793 F.3d at 110.  Beyond this administrative process, a designee

may pursue several opportunities for judicial review.  Generally, "[i]f OFAC denies a request for

reconsideration, the blocked person may challenge that determination under the APA" in federal

court.  See Sulemane v. Mnuchin, 2019 WL 77428, at *2 (D.D.C. Jan. 2, 2019) (citing caselaw).

In some instances, however, parties challenge the agency's designation in court while the

administrative process is pending.  See, e.g., Fares v. Smith, 901 F.3d 315, 317, 320 (D.C. Cir.

2018); Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury, 686 F.3d 965, 974 (9th Cir.

2012); Zevallos, 793 F.3d at 111.

B. Factual Background

Plaintiffs are Axel Diegelmann, his son Fritz Diegelmann, and three corporate entities

they own and control: Rheingold Edelmetall AG, Rheingold Edelmetall GmbH, and Liemeta

AG.  See ECF No. 15-1 (Pl. MSJ) at 3–8.  In February 2024, OFAC designated Rheingold

Edelmetall AG for operating or having operated in the metals and mining sector of the Russian

Federation economy.  See ECF No. 25 (Joint Appendix) at 26.  It designated Axel and Fritz

Diegelmann for the same reason and because they were or had been leaders, officials, senior

executive officers, or members of the board of directors of Rheingold Edelmetall AG.  See id. at

3.  OFAC also designated Rheingold Edelmetall GmbH and Liemeta AG for being owned or

controlled by, or having acted or purported to act for or on behalf of, directly or indirectly,

Rheingold Edelmetall AG and Axel Diegelmann, respectively.  See id. at 26.

In its press release announcing those designations, OFAC explained that Plaintiffs

"collaborated with Russia-based metals companies to disguise the origin of Russian precious

metals"; "assisted Russian clients to launder funds by buying and selling precious metals for

cash, illicitly circumventing international sanctions"; and "took steps to obfuscate the ownership

of Russian clients and the beneficiaries of these transactions."  Id. at 86.  Finally, the

Government stated that Bernd Diegelmann — Axel's other son, who was then an employee of

Rheingold Edelmetall AG —  "arranged the sale of Russian precious stones in the UAE."  Id.

On April 16, 2024, Plaintiffs filed a delisting petition with OFAC, initiating an

administrative process that appears to be ongoing.  See Pl. MSJ at 9.  The same day, they filed

their Complaint in this court.  Count I asserts that Defendants lack the authority under 31 C.F.R.

§ 589.325 to designate the Diegelmanns and their associated entities.  See ECF No. 1 (Compl.),

¶¶ 64–68.  Count II challenges the designations as arbitrary and capricious under the APA.  See id., ¶¶ 69–72.

Plaintiffs have filed a Motion for Summary Judgment, while Defendants have filed an Opposition and Motion to Dismiss Plaintiffs' Complaint or, in the alternative, a Cross-Motion for Summary Judgment.  See ECF No. 19 (Def. MSJ).  The Government has provided Plaintiffs with the administrative record underlying its designations, though with all classified and privileged information redacted.  See Pl. MSJ at 10–11.  To better understand that record, the Court ordered the Government to submit that redacted material for in camera review.  See ECF No. 23 (Notice of Classified Lodging).  Having now completed that review, the Court is prepared to address the Motions.

## II.    Legal Standard

Although styled as Cross-Motions for Summary Judgment, the submissions in this case seek the Court's review of an administrative decision.  The summary-judgment standard set forth in Rule 56, therefore, does not apply to the APA count because of the limited role of a court in reviewing the administrative record.  See Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89–90 (D.D.C. 2006).  "[W]hen a party seeks review of agency action under the APA, . . . the district judge sits as an appellate tribunal."  Rempfer v. Sharfstein, 583 F.3d 860, 865 (D.C. Cir. 2009) (quotation marks and citation omitted).  The APA "sets forth the full extent of judicial authority to review executive agency action for procedural correctness."  FCC v. Fox Television Stations, Inc., 556 U.S. 502, 513 (2009).  It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

III.    **Analysis**

The Government defends its decision to designate Plaintiffs as both lawful and supported by substantial evidence. The Court will first assess OFAC's legal authority to designate them before turning to the evidentiary basis for those designations.

A.    Lawfulness of Designations

1.    *"Procuring"*

The parties first dispute whether OFAC could lawfully designate Plaintiffs for operating in the Russian metals and mining sector, which is defined as "any act, process, or industry of extracting, at the surface or underground, ores, coal, precious stones, or any other minerals or geological materials in the Russian Federation, or any act of procuring, processing, manufacturing, or refining such geological materials, or transporting them to, from, or within the Russian Federation." 31 C.F.R. § 589.325. The parties' disagreement largely turns on the meaning of the word "procuring." According to Plaintiffs, because they merely purchased and sold precious metals on behalf of Russian clients, they should not have been considered to have "procured" those metals. See ECF No. 21 (Pl. Reply) at 3–13. The Government rejoins that "procuring" precious metals includes buying and selling them and thus encompasses Plaintiffs' activity. See ECF No. 22 (Def. Reply) at 1–5.

As an initial matter, the parties debate whether and to what extent OFAC's interpretation of 31 C.F.R. § 589.325 is owed deference. Plaintiffs contend that the Supreme Court's recent decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024) — which held that courts should not defer to agencies' interpretations of statutes — ushered in a brave new world and mandates that courts should also no longer defer to agencies' interpretations of their own regulations (commonly known as Auer deference). See ECF No. 26 (Pl. Surreply) at 1–3.

6

Defendants, on the other hand, insist that <u>Loper Bright</u>, significant as it may be, did not cast doubt on <u>Auer</u> deference.  <u>See</u> ECF No. 22 (Def. Reply) at 3–4.  Because the Court determines that the Government's reading of "procuring" is the best one, however, it need not resort to any deference regime.  It therefore leaves for wiser minds the question of <u>Auer</u>'s continued validity.

      To begin, neither OFAC's determination nor Executive Order 14024's implementing regulations set out what "procuring" prohibited materials entails.  The Government urges the Court to give the word "procure" its ordinary meaning — that is, "to get possession of (something): to obtain (something) by particular care and effort."  Def. MSJ at 13–14 (quoting <u>Procure</u>, Merriam-Webster Dictionary); <u>accord</u> <u>Procure</u>, Black's Law Dictionary (11th ed. 2019) ("To obtain (something), esp. by special effort or means"); <u>see also</u> Charles Dickens, <u>A Christmas Carol</u> 21 (1858) (Marley's Ghost: "I am here to-night to warn you, that you have yet a chance and hope of escaping my fate.  A chance and hope of my procuring, Ebenezer.").  For their part, Plaintiffs do not dispute that the Government's definition of "procuring" is the ordinary one.  They instead insist that, in the context of OFAC's determination that Executive Order 14024 should apply to the metals and mining sector, the word "procuring" should be considered a term of art with a meaning specific to that sector.  <u>See</u> Pl. Reply at 4–6.  In particular, Plaintiffs believe that "procuring" should include only "the obtaining of materials and supplies necessary for extraction of geological materials" — not "buying and selling."  <u>Id.</u> at 5 (citing industry publications).

      To succeed on that argument, Plaintiffs must first dig themselves out of a big hole.  As the Supreme Court has noted, "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."  <u>Perrin v. United States</u>, 444 U.S. 37, 42 (1979); <u>accord</u> <u>Mac's Shell Serv. v. Shell Oil</u>

Prods. Co. LLC, 559 U.S. 175, 182–83 (2010).  Moreover, "unless it is obvious that [a term was]
intended to be used in [its] technical connotation, [it] will be given the meaning that common
speech imports."  Stinson v. N.Y. Life Ins. Co., 167 F.2d 233, 235 (D.C. Cir. 1948).  "[W]e do
not assume that a . . . word is used as a term of art"; rather, "context determines meaning."
Johnson v. United States, 559 U.S. 133, 139 (2010).  There is therefore a strong presumption that
"procuring" should be understood in this context to mean the same thing that it means in most
other contexts.  Plaintiffs resist that presumption, instead contending that the "industry definition
of 'procuring' is the only rational one that can be applied in the context it was used."  Pl. Reply
at 6.  Because OFAC's determination was "entirely geared towards the metals and mining
sector," Plaintiffs maintain, its language must be interpreted in the narrow context of that
industry.  Id.

  While OFAC's determination and the associated regulation are indeed concerned with the
metals and mining sector, the subject matter alone does not make it "obvious," Stinson, 167 F.2d
at 235, that the word "procuring" must be cabined to its industry-specific meaning.  Many
statutes and regulations likewise focus on a specific sector; such a focus does not deem each
word an industry term of art.  Indeed, Plaintiffs do not argue for an industry-specific definition of
any other verbs in the relevant clause.  What is more, their suggested interpretation makes little
grammatical sense when viewed alongside the rest of the regulation, which provides that
operating in the Russian metals and mining sector includes "any act of procuring, processing,
manufacturing, or refining . . . geological materials [in the Russian Federation]."  31 C.F.R.
§ 589.325.  The object of the verb "procuring" is "geological materials"; in other words, the
regulation encompasses the act of "procuring . . . geological materials."  Plaintiffs believe that
phrase actually means "the obtaining of materials and supplies necessary for extraction of

geological materials." See Pl. Reply at 5. Viewed this way, "procuring" forbids only the initial step of obtaining the necessary items to access the geological materials. Under Plaintiffs' reading, in fact, the regulation would presumably never capture those who actually obtain the geological materials themselves.

The Court is unpersuaded that the regulation's drafters intended this interpretation. Even if "procuring" is widely understood in the metals and mining industry to have a narrow meaning, "procuring . . . geological materials" would be a most unnatural way to describe acquiring only the predicate tools for obtaining geological materials. Because the regulation does not clearly indicate that "procuring" should be so understood, and "we 'do not force term-of-art definitions into contexts where they plainly do not fit,'" Johnson, 559 U.S. at 139–40 (quoting Gonzales v. Oregon, 546 U.S. 243, 282 (2006) (Scalia, J., dissenting)), the Court agrees with the Government that Plaintiffs' proposed definition is mere fool's gold. In the context of evaluating whether a person has operated in the Russian metals and mining industry, the word "procuring" should take its ordinary meaning: obtaining something, especially through particular effort.

### 2. *Scope*

Plaintiffs next object to the chronological scope of OFAC's determination. Recall that "[a]ny person determined . . . to operate or have operated in [the metals and mining sector of the Russian Federation economy] shall be subject to sanctions." Off. of Foreign Assets Control, Determination Pursuant to Section 1(a)(i) of Executive Order 14024. The first portion of the sentence — "[a]ny person determined . . . to operate or have operated" — includes anyone who has engaged in the relevant conduct at any time. Although Plaintiffs resist the notion that a party could be subject to designation for activity that occurred prior to the Russian invasion of

Ukraine, see Pl. Reply at 9, OFAC's use of the phrase "have operated" makes clear that there is no time limit on sanctionable conduct.

Equipped with this understanding, the Court addresses whether the Government could lawfully designate Plaintiffs based on their alleged conduct. According to OFAC, Plaintiffs "collaborated with Russia-based metals companies to disguise the origin of Russian precious metals"; "assisted Russian clients to launder funds by buying and selling precious metals for cash, illicitly circumventing international sanctions"; and "took steps to obfuscate the ownership of Russian clients and the beneficiaries of these transactions." Joint Appendix at 86. That is, Plaintiffs assisted in the purchase and sale of Russian precious metals, and they bought and sold precious metals on behalf of Russian clients. It is clear, then, that such conduct properly lands Plaintiffs within OFAC's designation.

Hoping to find a diamond in the rough, Plaintiffs point to two statements from OFAC that they believe demonstrate that the agency itself has a narrower conception of its designation authority. See Pl. Reply at 6–9. In one — FAQ 1070 — OFAC explained that "the importation into the United States of gold of Russian Federation origin that was located outside of the Russian Federation prior to June 28, 2022 is not prohibited." Off. of Foreign Assets Control, 1070. What Does the Gold-Related Determination Pursuant to Executive Order (E.O.) 14068 Prohibit? (Dec. 22, 2023), https://perma.cc/4CA4-EKR7. Plaintiffs, however, ignore that FAQ 1070 refers not only to a different OFAC determination but a different executive order altogether. FAQ 1070 therefore has no bearing on OFAC's authority in this case.

In the other statement — FAQ 1029 — OFAC made the uncontroversial statement that "[g]old-related transactions involving the Russian Federation may be sanctionable under E.O. 14024" and that designations could be made against, for example, persons determined to have

circumvented U.S. sanctions.  See Off. of Foreign Assets Control, 1029. How Do the
Prohibitions of Executive Order (E.O.) 14024 and Other Russia-Related Sanctions Impact Gold-
Related Transactions or Persons Participating in the Gold Market? (June 28, 2022),
https://perma.cc/23DQ-55M7.  According to Plaintiffs, FAQ 1029 "makes clear that the agency
did not view merely purchasing gold from inside of Russia as *per se* sanctionable activity."  Pl.
Reply at 7.  While FAQ 1029 does concern the correct executive order, it stands for the obvious
proposition that persons can be sanctioned for participating in the Russian gold market,
particularly if they do so by circumventing American sanctions.  Because that is precisely the
activity OFAC accuses Plaintiffs of conducting, FAQ 1029 is entirely consistent with these
designations.

Plaintiffs lament the extremely broad reach of OFAC's interpretation.  As they point out,
"Under Defendants' definition, any person or entity that had ever purchased any geological
material, precious metal or otherwise, from Russia would be subject to sanctions, even if such
purchase occurred prior to the Russian invasion of Ukraine."  Pl. Reply at 9.  However valid this
concern, the broad language in OFAC's determination, as well as 31 C.F.R. § 589.325, must lead
to the conclusion that a wide range of conduct is sanctionable under Executive Order 14024.
Although the Government's sanctioning authority is certainly extensive, it is not "absurd."  Pl.
Reply at 3, 9.  The Government sensibly explains why its concerns with Russian foreign
activities stretch far beyond the invasion of Ukraine.  For example, it notes Russian efforts to
undermine democratic elections and institutions, engage in malicious cyber activities against the
United States and its allies, and use transnational corruption to influence foreign governments.
See E.O. 14024, 86 Fed. Reg. at 20,249, § 1(a)(i).  The magnitude of the Government's

authority, then, does not disturb the Court's conclusion that the broad reading of the relevant law is the correct one.

The Court, moreover, is comforted by the possibility that an individual designation — even if consistent with the Government's legal authority — can still be challenged as arbitrary and capricious under the APA.  Cf. Animal Legal Def. Fund, Inc. v. Perdue, 872 F.3d 602, 619 (D.C. Cir. 2017) ("Agency action may be consistent with the agency's authorizing statute and yet arbitrary and capricious under the APA.  The court's inquiry on the latter point depends not solely on the agency's legal authority, but instead on the agency's ability to demonstrate that it engaged in reasoned decisionmaking.  The mere fact that a regulatory scheme is generally consistent with the agency's authorizing statute does not shield each agency action taken under the scheme from arbitrary and capricious review.") (citations omitted).  In other words, if there is no reason whatsoever to think a particular designation would advance the national interest, the designee could challenge the action as arbitrary and capricious even if it were technically sanctioned by law.

In any event, the Court agrees with the Government that OFAC could lawfully designate Plaintiffs for operating in the Russian metals and mining sector.  The Court will therefore grant summary judgment to Defendants on Count I.

B.  Substantial Evidence

Hoping that the arbitrary-and-capricious caveat just laid out is their silver bullet, Plaintiffs also allege that Defendants' designations were unsupported by substantial evidence in violation of the APA.  See Compl., ¶¶ 69–72; Pl. MSJ at 26–30.  Specifically, they contend that there is no evidence that they were in fact involved in the Russian metals and mining sector.  See Pl. Reply at 14.

12

To support its designations, the Government has provided the Court with a classified administrative record.  The D.C. Circuit has made abundantly clear that OFAC may rely on such classified materials when adding a person to the SDN list.  See, e.g., Holy Land Found. for Relief and Dev. v. Ashcroft, 333 F.3d 156, 164 (D.C. Cir. 2003).  Indeed, it is precisely because of the agency's ability to use such materials that "IEEPA expressly authorizes *ex parte* and *in camera* review of classified information in 'any judicial review of a determination made under this section [that] was based on classified information.'"  Id. (alteration in original) (quoting 50 U.S.C. § 1702(c)).  Additionally, the Government is entitled to rely on its own "press release" in making and justifying its designation decisions.  See Fares v. Smith, 249 F. Supp. 3d 115, 125 (D.D.C. 2017), aff'd, 901 F.3d 315 (D.C. Cir 2018).

In conducting its review, the Court may therefore consider the entirety of the administrative record.  It must apply the APA's "'highly deferential standard,' meaning that [it] may set aside Treasury's action 'only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  Zevallos, 793 F.3d at 112 (quoting Islamic Am. Relief Agency v. Gonzales, 477 F.3d 728, 732 (D.C. Cir. 2007)).  The Court "may not substitute [its] judgment for OFAC's," but must require only that the agency "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made."  Id. (alteration omitted) (quoting Islamic Am. Relief Agency, 477 F.3d at 732).  For an OFAC designation, "[t]he APA's substantial evidence standard 'requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence.'"  Epsilon Elecs., Inc. v. U.S. Dep't of Treasury, 857 F.3d 913, 925 (D.C. Cir. 2017) (quoting Town of Barnstable v. FAA, 740 F.3d 681, 687 (D.C. Cir. 2014)).  The D.C. Circuit, moreover, has urged courts to be "extremely deferential" to executive blocking orders, decisions

13

"at the intersection of national security, foreign policy, and administrative law."  Islamic Am.

Relief Agency, 477 F.3d at 734; see also Olivares v. TSA, 819 F.3d 454, 462 (D.C. Cir. 2016)

("[W]e defer to the informed judgment of agency officials whose obligation it is to assess risks to

national security.").

Having reviewed all the material upon which OFAC relied, the Court concludes that

Defendants did not err in designating Plaintiffs for having operated in the Russian metals and

mining sector.  First, the agency compiled substantial unclassified evidence supporting its

conclusion that Plaintiffs participated in the sector, including through procuring geological

materials for clients in the Russian Federation.  See Joint Appendix at 86 (describing

collaboration with Russian metals companies to disguise origin of Russian precious metals); id.

(describing role in buying and selling precious metals for cash on behalf of Russian clients); id.

(describing sale of Russian precious stones).  Although Plaintiffs take issue with evidence

involving the other son Bernd Diegelmann because he is no longer an employee of Rheingold,

see Pl. MSJ at 27, the Government has provided evidence that Bernd was an executive member

of the company at the time of the relevant conduct.  See Joint Appendix at 86, 117.  Second, the

classified record — reviewed by this Court *in camera* — contains further evidence

demonstrating that Plaintiffs have operated in the Russian metals and mining sector.  Plaintiffs

have provided no basis for the Court to disturb that conclusion other than to rehash their legal

arguments and assert, incorrectly, that "based on OFAC's allegations and Plaintiffs' own

knowledge of the facts, OFAC's decision to designate Plaintiffs was arbitrary and capricious

insofar as it failed to be based on reasoned decision-making."  Pl. MSJ at 30.

Like the Circuit in Islamic American Relief Agency, the Court "acknowledge[s] that the

unclassified record evidence is not overwhelming."  477 F.3d at 734.  The Court's "function,

however, is only to search for <u>substantial</u> evidence, not proof positive." <u>Pub. Citizen Health</u>

<u>Rsch. Grp. v. Tyson</u>, 796 F.2d 1479, 1495 (D.C. Cir. 1986). And in light of the "extremely

deferential" standard in this area, <u>see</u> <u>Islamic Am. Relief Agency</u>, 477 F.3d at 734, the public

record provides substantial evidence for the conclusion that Plaintiffs procured geological

materials and therefore operated in the Russian metals and mining sector — a determination the

classified record confirms. As a result, the Government's decision is not arbitrary and

capricious, and the Court will grant summary judgment to Defendants on Count II.

The Court, however, emphasizes that Plaintiffs remain free to pursue the administrative-

reconsideration process. As they seem to acknowledge, the delisting process supplies a superior

avenue for them to propose mechanisms or provide additional evidence that would render the

designations unnecessary. <u>See</u> Pl. MSJ at 9–10; <u>see also</u> <u>Fares</u>, 901 F.3d at 326 (rejecting

challenge to initial designation but "recogniz[ing] that this is not plaintiffs' last or only chance to

contest their designation").

## IV.    Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for Summary

Judgment and deny Plaintiffs' Motion. A separate Order so stating will issue this day.

<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
Chief Judge

Date: <u>November 25, 2024</u>